## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**MARLINE DACEUS HARDAWAY f/k/a MARLINE DACEUS,**

**CASE NO.:**

    **Plaintiff,**

**vs.**

**AMERICAN STRUCTUREPOINT, INC., a Foreign For Profit Corporation,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff MARLINE DACEUS HARDAWAY f/k/a MARLINE DACEUS (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant AMERICAN STRUCTUREPOINT, INC. (hereinafter "ASI" or "Defendant"), and in support of states as follows:

## INTRODUCTION

This is an action for damages and all available relief under the Pregnancy Discrimination Act of 1978 ("PDA"), which amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et. seq., 42 U.S.C. §1981 and the Florida Civil Rights Act ("FCRA"). As a result, and for the violation of Plaintiff's rights to be free from pregnancy discrimination, Plaintiff is seeking

damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), attorneys' fees and costs, and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## JURISDICTION AND VENUE

1.      Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 with federal questions involving Title VII. An express grant of federal court jurisdiction over this federal claim is found in Title VII at 42 U.S.C.§2000e-5(f)(3).

2.      This Court has supplemental jurisdiction over Plaintiff's state law claims.

3.      This Court has jurisdiction over Plaintiff's claims because at all times material hereto this Complaint, Plaintiff worked for Defendant in Maitland, Orange County, Florida.

4.      The illegal conduct occurred within the judicial district in and for this District.

5.      Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), on January 3, 2024.

6.      On November 20, 2024, the EEOC issued its right-to-sue letter.

7.      Therefore, this Complaint is filed within 90 days of Plaintiff receiving her right-to-sue letter.

2

## TITLE VII AND PDA STATUTORY PREREQUISITES

8. Plaintiff is a member of a class of individuals protected by Title VII and the PDA because, at all times material to the allegations herein, Plaintiff experienced discrimination based on her pregnancy.

9. Plaintiff was qualified for her position as a Project Manager.

12. The Defendant meets the statutory criteria for coverage as an "employer" under Title VII, the PDA, and the FCRA.

13. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII, the PDA, and the FCRA.

14. On or around January 3, 2024, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

15. On November 20, 2024, the EEOC issued its right-sue-letter.

16. Therefore, this Complaint is filed within 90 days of receiving her right-to-sue letter.

17. Accordingly, Plaintiff has exhausted all administrative requirements set forth by Title VII and the PDA.

18. Plaintiff has satisfied all administrative prerequisites to perfect her claim.

**PARTIES**

19.   Plaintiff is an adult individual who resides in Apopka, Orange County, Florida.

20.   At all times material hereto, Plaintiff worked for Defendant in Maitland, Orange County, Florida.

21.   Defendant is a foreign for-profit corporation, operating in Orange County, Florida and is within the jurisdiction of this Court and this District.

22.   Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

**FACTUAL ALLEGATIONSS**

23.   Plaintiff received an offer to work with ASI on March 10, 2023, as a Project Manager.

24.   Plaintiff was then scheduled to start work on April 10, 2023.

25.   However, on March 11, 2023, Plaintiff learned that she was pregnant.

26.   That same day, Plaintiff informed the Recruiter that she had been working with in connection with the offer, Annelise Rennhack, that she had just learned that she pregnant.

27.   During this same conversation, Plaintiff requested an accommodation to be allowed to take pregnancy leave since she was just starting with Defendant.

4

28.    Rennhack stated she would speak with Madison Vaughn, ASI's Sourcing/Recruiting Specialist, regarding Plaintiff's request.

29.    On March 15, 2023, Plaintiff received an email from Vaughn requesting a telephone call to discuss the work from home policy along with any other questions Plaintiff had.

30.    During the conversation, Plaintiff again asked whether ASI would extend and provide her pregnancy leave given her short tenure with the company.

31.    Plaintiff also inquired about the time off policy so that she could ensure that she would be able to attend doctor's appointments without any issue.

32.    Vaughn informed Plaintiff that it would not be an issue to honor the 12 weeks of leave with no pay, but Plaintiff would need to further inquire about whether the Defendant would grant her the six weeks of paid maternity leave the Defendant offered.

33.    Also, during this call, Vaughn briefly touched on expectations for times to be in the office and how employees could work remotely.

34.    On March 16, 2023, Vaughn emailed to share the PTO hours that Plaintiff would have accrued by the end of the year if Plaintiff started on April 3, 2023.

35.  Vaughn further advised Plaintiff that the Executive HR Leader agreed to extend Defendant's paid six weeks maternity leave to Plaintiff as well.

36.  On March 17, 2023, Vaughn followed up with an email thanking Plaintiff for considering ASI and Plaintiff responded that she intended to sign the contract that evening but that they would need to update the contract with company paid maternity leave.

37.  Vaughn assured Plaintiff that a modification to the offer contract was not necessary.

38.  Based on these assurances, Plaintiff accepted the job offer and began working for the Defendant on April 10, 2023.

39.  Plaintiff was performing her job well and had no performance or disciplinary issues.

40.  Around July 14, 2023, Troy Jessup sent Plaintiff an instant message via the company's Microsoft Teams account, inquiring about when she intended to take maternity leave.

41.  Plaintiff replied that her anticipated pregnancy leave was November 1, 2023, and returning at the end of January/February 2024.

42.  On August 1, 2023, Plaintiff emailed her supervisor, Ryan Cumings, regarding the contact person to coordinate her pregnancy leave, who replied she should speak with either Sharon Payne or Kayla Cash.

6

43. On August 2, 2023, Plaintiff emailed Payne who referred Plaintiff to Cash and Kim Harvey.

44. Cash responded and provided Plaintiff the general Company rule of when she would be eligible for maternity leave.

45. Plaintiff then sent a Microsoft Teams invitation to Cash to discuss her specific case.

46. Cash again referred Plaintiff to the Company employee handbook for answers and that Plaintiff was not eligible for FMLA or ASI maternity leave and further stated that her offer letter did not mention any of this and that Vaughn did not have the authority to change the Company's policies.

47. Plaintiff advised Cash that this is not what was discussed with her during the hiring process and Cash stated that unless Plaintiff could provide something in writing, there was nothing she could do.

48. After the call, Cash followed up and said she had found the email that mentions maternity leave and therefore the Company would grant Plaintiff the paid six weeks off and that she could also use personal leave and vacation time but that her position would not be guaranteed upon her return.

49. On August 3, 2023, Plaintiff texted her office lead, Joey Roselli, to speak with him regarding her conversation with Cash.

50.    Roselli advised he was not aware of the details of benefits offered for maternity leave but that he did not see why it would be an issue to have 12 weeks off and her position guaranteed upon her return.

51.    Plaintiff advised Roselli that she would not be able to return after six weeks as she would need to secure childcare and instead would need to work from home for an additional six weeks.

52.    On August 8, 2023, Plaintiff began work around 6:50 a.m. and around 8:00 a.m. Roselli came by her office and requested that she walk to the conference room with him.

53.    When they both entered the conference room, Plaintiff noticed Jessup was there and Cash was appearing remotely.

54.    Jessup proceeded to say that he was there to discuss her termination.

55.    Plaintiff was surprised, and Jessup responded that they felt that she was not the right fit for the position Plaintiff was hired for and that he would not go into details and needed her to sign the exit document.

56.    Jessup proceeded to push the document in her direction, and Plaintiff quickly saw that the reason for her termination was due to performance.

57.    Plaintiff questioned this as she had never been told there were any issues with her performance.

58. Jessup continued and stated that he did in fact have several meetings with Plaintiff regarding this and Plaintiff was adamant that no meetings had occurred.

59. There is no question Plaintiff was singled out and terminated because of her pregnancy.

**COUNT I**
**PREGNANCY DISCRIMINATION UNDER THE PREGNANCY DISCRIMINATION ACT AND TITLE VII**

60. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 59 above as if fully set forth herein.

61. Defendant discriminated against Plaintiff based on her pregnancy.

62. Defendant engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff as set forth above.

63. Defendant engaged in unlawful employment practices prohibited by the Pregnancy Discrimination Act by discriminating against Plaintiff as set forth above.

64. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

65. Based on the conduct described in this Complaint, Defendant is liable for discrimination in violation of the Pregnancy Discrimination Act and Title VII.

66. The above discrimination was done by Defendants with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

      a.     Back pay and benefits;

      b.     Interest on back pay and benefits;

      c.     Front pay and benefits;

      d.     Compensatory damages for emotional pain and suffering;

      e.     Injunctive relief;

      f.     Prejudgment interest;

      g.     Costs and attorney's fees; and

      h.     Such other relief as the Court may deem just and proper.

**COUNT II**
**DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA**

67. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 59 above as if fully set forth herein.

68.    Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

69.    Plaintiff is a member of a protected class because she suffers from disabling medical conditions.

70.    At all material times, Plaintiff was qualified to perform her job duties.

71.    Plaintiff was treated less favorable than similarly situated non-disabled employees.

72.    Defendants discriminated against Plaintiff because of her disabilities.

73.    Plaintiff was also subjected to the adverse employment action of having her hours reduced and being terminated.

74.    The acts of Defendant, by and through their agents and employees, violated Plaintiff's rights against discrimination under the FCRA because they treated Plaintiff less favorably because of her disabilities.

75.    Defendant does not have a legitimate, non-discriminatory reason for firing Plaintiff.

76.    The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and

11

suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

77. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendants, to deter Defendants, and others, from such conduct in the future.

78. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

79. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

h.    Such other relief as the Court may deem just and proper.

## COUNT III
## RETALIATION IN VIOLATION OF THE FCRA

80.    Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 59 above as if fully set forth herein.

81.    Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

82.    Plaintiff is a member of a protected class because she was pregnant.

83.    At all material times, Plaintiff was qualified to perform her job duties.

84.    Plaintiff was subjected to the adverse employment action of being terminated.

85.    Defendants retaliated against the Plaintiff for requesting reasonable accommodations due to her pregnancy.

86.    The acts of Defendant, by and through their agents and employees, violated Plaintiff's rights against retaliation under the FCRA because they treated Plaintiff less favorably because of her pregnancy.

87.    Defendant do not have a legitimate, non-retaliatory reason for firing Plaintiff.

88.    The conduct of Defendant and its agents and employees,

13

proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

89.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

90.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

91.   Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendants which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

   a.   Back pay and benefits;

   b.   Interest on back pay and benefits;

   c.   Front pay and benefits;

   d.   Compensatory damages for emotional pain and suffering;

   e.   Injunctive relief;

     f.     Prejudgment interest;

     g.     Costs and attorney's fees; and

     h.     Such other relief as the Court may deem just and proper.

## COUNT IV
## RETALIATION IN VIOLATION OF PREGNANCY DISACRIMINATION ACT AND TITLE VII

92. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 59 above as if fully set forth herein.

93. Plaintiff brings this cause of action pursuant to Title VII and the PDA.

94. Plaintiff is a member of a protected class because she was pregnant.

95. At all material times, Plaintiff was qualified to perform her job duties.

96. Plaintiff was subjected to the adverse employment action of having been terminated.

97. Defendants retaliated against the Plaintiff for requesting reasonable accommodations due to her pregnancy.

98. The acts of Defendant, by and through their agents and employees, violated Plaintiff's rights against retaliation under Title VII and the PDA because they treated Plaintiff less favorably because of her pregnancy.

99. Defendant do not have a legitimate, non-retaliatory reason for

15

firing Plaintiff.

100. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

101. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendants, to deter Defendants, and others, from such conduct in the future.

102. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

103. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

      a.    Back pay and benefits;

      b.    Interest on back pay and benefits;

      c.    Front pay and benefits;

d.   Compensatory damages for emotional pain and suffering;

e.   Injunctive relief;

f.   Prejudgment interest;

g.   Costs and attorney's fees; and

h.   Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated this 31st day of January, 2025.

Respectfully submitted,

*/s/ Anthony J. Hall*
Anthony J. Hall, Esq. – LEAD COUNSEL
FL Bar No. 40924
THE LEACH FIRM, P.A.
1560 N Orange Avenue, Suite 600
Winter Park, Florida 32789
Telephone: (407) 574-4999
Facsimile: (833) 523-5864
Email: ahall@theleachfirm.com
Email: aperez@theleachfirm.com
*Attorneys for Plaintiff*

17